**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:26-cr-36 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ELIJAH HARPER, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER DENYING DEFENDANT'S MOTION FOR BOND (Doc. 20)

---

This matter is before the Court on Defendant Elijah Harper's Motion for Bond (Doc. 20). The Government filed a response in opposition (Doc. 25). This matter is now ripe for the Court's review. For the following reasons, Defendant's Motion for Bond (Doc. 20) is **DENIED**.

## BACKGROUND

On April 2, 2026, a federal grand jury returned an Indictment charging Harper with possession by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Indictment, Doc. 3.) On May 28, 2026, Harper made his initial appearance, and Magistrate Judge Karen L. Litkovitz ordered him temporarily detained. (Order Setting Detention Hearing, Doc. 9.) On June 2, 2026, Harper appeared for his detention hearing and arraignment. (06/02/2026 Minute Entry.) The Pretrial Services Report was docketed the same day. (*See* Pretrial Services Report, Doc. 10.) Pretrial Services recommended that Harper be released on his own recognizance with special conditions. (*Id.* at Pg. ID 25.) However, Judge

Litkovitz found that detention was warranted pursuant to 18 U.S.C. § 3142. (Detention Order, Doc. 11.) Now, Harper seeks to be released on bond. (*See* Motion for Bond, Doc. 20.)

## LAW AND ANALYSIS

A defendant ordered detained by a magistrate judge may move to revoke or amend the detention order pursuant to 18 U.S.C. § 3145(b). The district court must then review the detention order de novo. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

Under 18 U.S.C. § 3142(e), a defendant may be detained pending trial only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In determining whether such conditions are present, the Court considers (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g).

In support of his motion, Harper argues that his detention should be revoked for five reasons: (1) the offense is a mere possessory offense; (2) he has no violent convictions in his history; (3) he has strong familial support; (4) he possesses the desire to reintegrate into the community; and (5) he does not pose a significant risk of dangerousness. (Motion, Doc. 20, Pg. ID 61-64.) On review, the Court disagrees.

**1. The Nature and Circumstances of the Offense**

Turning to the first factor, the Court considers "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). Harper is charged with possessing a firearm as a prohibited person. (Indictment, Doc. 3.) The Government alleges that Harper was observed brandishing a firearm and was then stopped after he was observed jaywalking. (Response, Doc. 25, Pg. ID 82.) When officers pulled up to Harper, he dropped his bag and fled the area. (*Id.*) After he was detained, officers retrieved the bag and discovered a semiautomatic pistol, marijuana packaged for distribution, a baggie containing crack cocaine, and multiple phones. (*Id.* at Pg. ID 83-84.) As Harper himself admits, the allegation is serious. (Motion, Doc. 20, Pg. ID 61.) And, when combined with the circumstances surrounding the offense—mainly, fleeing from law enforcement—this factor weighs in favor of detention.

**2. The Weight of Evidence**

The second factor speaks to the weight of the evidence of dangerousness or flight risk, rather than the evidence of the defendant's guilt. *Stone*, 608 F.3d at 948; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Beyond the felony charge currently pending against Harper, there is weighty evidence to support a finding of detention. According to the Pretrial Service Report, Harper's criminal history is lengthy. (*See generally* Pretrial Services Report, Doc. 10.) Indeed, Harper himself acknowledges that he has been convicted for:

> A felony 5 conviction for aggravated possession of drugs (i.e., a federal misdemeanor); a misdemeanor conviction for violating a protection order; a felony conviction for drug trafficking; a misdemeanor conviction for the

> unlawful use of a car; a felony 5 conviction for violating a protection order (i.e., a federal misdemeanor) and misdemeanor conviction for obstruction; and finally a misdemeanor conviction for the attempted possession of drugs (related to the instant offense).
>
> (Motion, Doc. 20, Pg. ID 64.)

Additionally, Harper has a history of performance issues during his prior periods of probation. Specifically, Pretrial Services noted that Harper "poses a risk of non-appearance" for numerous reasons, including, "prior probation violations for not reporting to probation." (Pretrial Services Report, Doc. 10, Pg. ID 24.) Harper argues that despite these previous violations, Pretrial Services nevertheless recommended supervision. (Motion, Doc. 20, Pg. ID 63; *see also* Pretrial Services Report, Doc. 10.) He points to the fact that Pretrial Services believed that supervision by a Pretrial Officer would ensure his compliance if he was released on bond. (Motion, Doc. 20, Pg. ID 63.) But, the Court is not convinced. Harper has a long criminal history, including convictions for aggravated possession of drugs and multiple violations of a protection order. (Pretrial Services Report, Doc. 10, Pg. ID 20-23.) The evidence of non-appearance is particularly strong, given that he has previously violated his probation for failure to report. This factor weighs in favor of detention.

**3. The History and Characteristics of Defendant**

As for the third factor, the Court examines Harper's history and characteristics. Harper is a 28-year-old Cincinnati native, who was raised by his grandfather. (Motion, Doc. 20, Pg. ID 64-65.) He states he has strong support in the community, and if released, he would attend an online business class that would provide him with the necessary skills

to reintegrate into the workforce. (Id. at Pg. ID 63-64.)

While the Court acknowledges the measures Harper plans to take to prove that he would strive to reintegrate into the community, the history of his past conduct—mainly, the multiple convictions and repeated probation violations—undermines his request for bond. *See Yamini*, 91 F. Supp. 2d at 1131 ("It is a realistic assumption that [defendant] may fail to appear on the present more serious charges with dire sentencing consequences, if he failed to appear on less serious charges."); *Hughes*, 668 F. Supp. 3d at 750 (concluding that defendant's long history of criminal offenses, numerous failures to appear, and active warrants provided the court "with little confidence that he would now appear for the instant charges"). Therefore, Harper's history and characteristics further support detention.

**4. Danger to the Community**

Finally, the Court evaluates "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). As previously explained, Harper's criminal history is lengthy, and the current charge against Harper is a serious offense. Harper argues that despite this, his "risk for committing new violation offenses is nominal." (Motion, Doc. 20, Pg. ID 64.)

The Court finds that this factor supports detention. Harper's criminal history includes arrests for aggravated menacing, aggravated robbery, felonious assault, domestic violent, kidnapping, and a conviction for obstruction-related offenses. (Pretrial Services Report, Doc. 10, Pg. ID 20-23.) While the Court acknowledges that many of these arrests were largely ignored or dismissed, they are nevertheless concerning.

Additionally, the conviction for obstruction, as well as his repeated failure to report to probation supports detention.

* * *

For all these reasons, the Court concludes that no condition or set of conditions of release would reasonably assure the appearance of Harper or the safety of the community. Accordingly, Harper's Motion for Bond (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland

JUDGE MATTHEW W. McFARLAND